NO. 24-60314

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

DESMOND D. GREEN
Plaintiff-Appellee,

v.

CITY OF JACKSON, MISSISSIPPI;
JACQUELYN THOMAS, DETECTIVE
Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
NORTHERN DIVISION
CASE NO. 3:23-CV-126

**BRIEF OF APPELLANT**

Drew M. Martin, Miss Bar No. 101045
Sheridan A. Carr, Miss. Bar No. 106276
Jason L. Nabors, Miss. Bar No. 101630
OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
601.960.1799 telephone
601.960.1756 facsimile
Attorneys for Appellants/Defendants

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following interested persons and entities described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| District Judge: | Honorable Carlton Reeves |
| Plaintiff – Appellee: | Desmond D. Green |
| Plaintiff's Counsel: | Jim Waide |
| Defendant – Appellant: | Jacquelyn Thomas |
| Defense Counsel: | Drew M. Martin, Sheridan A. Carr, and Jason L. Nabors |
| Defendant: | City of Jackson, Mississippi |
| Counsel for the City of Jackson, Miss. | Drew M. Martin, Sheridan A. Carr, and Jason L. Nabors |
| Defendant: | Hinds County, Mississippi |
| Counsel for Hinds Count, Miss. | William R. Allen, Kevin J. White, Rayford G. Chambers, and Tony R. Gaylor |

s/ Jason Lee Nabors
Jason Lee Nabors

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Fifth Circuit Rule 28.2.3, the Appellant Jacquelyn Thomas hereby waives oral argument.

# TABLE OF CONTENTS

**PAGE**

Certificate of Interested Persons………………………………………………2

Statement Regarding Oral Argument……………………………………......3

Table of Authorities……………………………………………………....5

Jurisdictional Statement………………………………………………8

Statement of Issues Presented…………………………………………....9

Statement of the Case…………………………………………………...10

Summary of the Argument………………………………………………...13

Argument………………………………………………………...…....15

    I.      Standard of Review…………………………………………..15

    II.    The District Court Erred by Denying the Motion to Dismiss………...16

        A.    Qualified Immunity Is Constitutional, and the District
            Court Is Bound to Apply the Precedent of the United
            States Supreme Court and This Court…………………………16

        B.    Detective Thomas is Entitled to Qualified Immunity
            Because Green Was Indicted by a Grand Jury…………………...21

        C.    Detective Thomas is Entitled to Qualified Immunity
            Because the Complaint Fails to Allege Facts to Support
            a Violation of a Clearly Established Right………………….25

Conclusion…………………………………………………………...27

Certificate of Service…………………………………………………...28

Certificate of Compliance…………………………………………………29

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………...………15, 16

*Ashcroft v. al- Kidd*, 563 U.S. 731 (2011)…………………………………...17

*Alvarez v. City of Brownsville*, 904 F.3d 382 (5th Cir. 2018)……………….21

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034,
    97 L.Ed.2d 523 (1987)…………………………………………..17, 19, 26

*Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016)………………………...15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………….15

*Behrens v. Pelletier*, 516 U.S. 299, 116 S. Ct. 834,
    133 L.Ed.2d 773 (1996)………………………………………….....15

*Brown v. Callahan*, 623 F.3d 249 (5th Cir. 2010)………………………….…20

*Buehler v. City of Austin/Austin Police Department*, 824 F.3d 548,
    (5th Cir. 2016)…………………………………………………….....22

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003)………..…………...……….22

*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009)………………..16, 20

*Craig v. Dallas Area Rapid Transit Authority*, 504 Fed. Appx. 328
    (5th Cir. 2012)……………………………………………………..22, 24

*District of Columbia v. Wesby*, 583 U.S. 48 (2018)………..….…17, 18, 19, 20, 25, 26

*Dyer v. Houston*, 964 F.3d 374 (5th Cir. 2020)………………………………...15

*Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1988)………….………………………22

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)…………….……………………16

5

*Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015)……………………………16

*Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508,
    153 L.Ed.2d 666 (2002)………………………………………………....20

*In re Bonvillian Marine Serv., Inc*., 19 F.4th 787 (5th Cir. 2021)……...................21

*Kaley v. U.S.*, 571 U.S. 320 (2014)……………………………………......23

*Kinney v. Weaver*, 367 F.3d 337 (5th Cir. 2004)………………...……………....20

*Lormand v. US Unwired, Inc*., 565 F.3d 228 (5th Cir. 2009)……………………..16

*Malley v. Briggs*, 475 U.S. 335 (1986)………………………………………20

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002)……………....…20

*Mitchell v. Forsyth*, 472 U.S. 511 (1985)…………………………………..8

*Morgan v. Chapman*, 969 F.3d 238 (5th Cir. 2020)………………………………15

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011)…………………………...20

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996)…………………………………15

*Mullenix v. Luna*, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015)………………………..18

*Pearson v. Callahan*, 555 U.S. 223 (2009)…………………………………..20

*Papasan v. Allain*, 478 U.S. 265 (1986)…………………………………...…15

*Reichle v. Howards*, 566 U.S. 658, 132 S.Ct. 2088,
    182 L.Ed.2d 985 (2012)……………………………………………17

*Rivers v. Roadway Express, Inc*., 511 U.S. 298, 114 S.Ct. 1510,
    128 L.Ed.2d 274 (1994)……………………………………………....21

*Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)…………18

*Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994)…………...…………………....22

*Terwilliger v. Reyna*, 4 F.4th 270 (5th Cir. 2021)……………………………..…16, 20

*Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061 (5th Cir. 1994)……………..…….16

*Turner v. Driver*, 848 F.3d 678 (5th Cir. 2017)……………………………...……20, 21

*United States v. Egenberger*, 424 F.3d 803 (8th Cir. 2005)…………………….....21

*White v. Pauly*, 137 S.Ct. 548, 196 L.Ed.2d 463 (2017)…………………………...…19

**Statutes**

28 U.S.C. § 1292……………………………………………………………………...…8

28 U.S.C. § 1331……………………………………………………………………...…8

42 U.S.C. § 1983……………………………………………………………………...…8

**Rules**

Fed. R. App. P. 4(a)(1)(A)……………………………………………………………8

# JURISDICTIONAL STATEMENT

**1. Subject Matter Jurisdiction in the District Court.**

Desmond D. Green brought suit under 42 U.S.C. § 1983. The district court had jurisdiction pursuant to 28 U.S.C. § 1331.

**2. Jurisdiction of the Court of Appeals.**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292 because it is an appeal of an order denying Detective Jacquelyn Thomas's assertion of qualified immunity.[1]

The Appellant timely filed her Notice of Appeal on June 17, 2024., which complies with Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

---

[1] *See Mitchell v. Forsyth*, 472 U.S. 511, 526-530 (1985).

## STATEMENT OF ISSUES PRESENTED

I.   Whether the district court is required to apply qualified immunity precedent of the United States Supreme Court and this Court.

II.  Whether Detective Thomas is entitled to qualified immunity because of the grand jury indictment.

III. Whether Detective Thomas is entitled to qualified immunity because the Complaint fails to plead sufficient facts to support a claim for a violation of a clearly established right.

## STATEMENT OF THE CASE

Plaintiff filed his Complaint on February 16, 2023, naming as defendants the City of Jackson, Mississippi, Hinds County, Mississippi, and Detective Jacquelyn Thomas, individually.[2]  Plaintiff's Complaint seeks to recover against Detective Thomas in her individual capacity under theories of "malicious prosecution and malicious arrest without probable cause, in violation of the Fourth Amendment and Fourteenth Amendment."[3]

The Complaint alleges that on April 10, 2020, Samul Jennings gave a statement to Detective Thomas that Plaintiff Desmond Green had assisted with the homicide of Nicholas Robertson by moving Robertson's body.[4]  Plaintiff alleges that the statement was false and was given while Jennings was incarcerated at the Hinds County Jail on unrelated charges.[5]  The Complaint alleges that, based solely on the statement, Detective Thomas "and/or other representatives for Defendant City obtained Plaintiff's Indictment on July 10, 2020."[6]

---

[2] ROA.8.
[3] ROA.14.
[4] ROA.9-10, ¶ 5.
[5] *Id.*
[6] ROA.10, ¶ 6.

The Complaint alleges generally that "[f]ull and complete information could not have been given to the Grand Jury," and the Complaint speculates that "[h]ad it been, Plaintiff would not have been indicted."[7] The Complaint alleges that Robertson's body had not been moved, based on a police report indicating that Robertson came to Avery Forbes's residence after being shot.[8]

Two years after Green was indicted, the Hinds County Public Defender spoke with Jennings at which time he recanted his previous statement about Plaintiff Green.[9] Jennings attributed his statement to his having injected 80-90 "units" of methamphetamine in the one to two hours before giving the April, 2020 statement.[10] Jennings "advised that his statement was baseless, that he had no knowledge whatsoever as to how Robertson was killed or who was responsible for his death."[11] Jennings also claimed to have been in the hospital on the date of Robertson's murder.[12] Jennings also claimed for the first time in March of 2022 that Detective

---

[7] ROA.10, ¶ 6; *see also* ROA.10, ¶ 8 ("Defendant Thomas and/or other officials for the City of Jackson also must have withheld from the Grand Jury the fact that Jennings was a known thief and known drug addict, and was mentally-altered or experiencing drug withdrawals when he gave the statement."); *see also* ROA.11, ¶ 9 ("It is also likely that Defendant Thomas and/or other officials of the City of Jackson likely withheld from the Grand Jury the fact that officers had evidence that Brandon Summerall had been with the deceased shortly before his death, and Plaintiff had not been present.").
[8] ROA.10, ¶ 7.
[9] ROA.11, ¶ 11.
[10] ROA.11, ¶ 12.
[11] ROA.11, ¶¶ 11-12
[12] ROA.12, ¶ 12.

Thomas had produced a photograph lineup to Jennings in 2020, and that he had identified a person other than Plaintiff Green "as the person who committed the murder."[13]  Based on Jennings recanting his 2020 statement, the State moved for the case to be remanded, because "the State [was] 'unable to meet its burden of proof at this time.'"[14]

Detective Jacquelyn Thomas filed her motion to dismiss, and a memorandum of law in support of the motion, on April 20, 2023.[15]  Plaintiff filed a response to the motion to dismiss, and a memorandum in support of the response, on May 16, 2023.[16]  On May 20, 2024, the United States District Court for the Southern District of Mississippi entered the Order Denying Qualified Immunity.[17]

---

[13] ROA.12, ¶ 14.
[14] ROA.12, ¶ 13.
[15] ROA.42-56.
[16] ROA.91-109.
[17] ROA.205-266.

## SUMMARY OF THE ARGUMENT

Detective Jacquelyn Thomas appeals from an order of the district court holding that qualified immunity is an unconstitutional error that should come to its overdue end. Qualified immunity, however, is supported by decades of precedent from both this Court and the United States Supreme Court. Regardless of whether the district court believes qualified immunity is bad law, it is nevertheless the law. The district court is bound to apply the well-settled precedent of this Court and the Supreme Court.

Qualified immunity shields Detective Thomas from suit as long as her conduct did not violate clearly established rights that every reasonable official would have known under the circumstances were being violated. The law requires the violation to be so clear that the unconstitutionality of the officer's conduct would be beyond debate. The qualified immunity doctrine requires a high level of specificity, where the alleged conduct must be expressly prohibited by prior cases holding such conduct to be a violation of clearly established rights. Without a specific prohibition on the alleged conduct, it would not be beyond debate such that every reasonable officer would have fair warning that an action definitely violates clearly established rights.

Qualified immunity jurisprudence is clear that an officer is immunized for mistakenly concluding that probable cause existed as long as the mistake is reasonable. The law is also clear that placing an arrest before an independent

intermediatory such as a grand jury breaks the chain of causation for claims against the arresting officer. The grand jury here indicted Desmond Green, which immunizes Detective Thomas.

The Complaint fails to make sufficient allegations to satisfy the "clearly established" standard. There is no constitutional right to a perfect investigation. Accepting all factual allegations in the Complaint as true, a criminal investigation was conducted; a grand jury determined probable cause; a witness recanted; and the charges against Green were remanded. Such allegations fail to establish a violation of a clearly established constitutional right. Consequently, the district court's Order Denying Qualified Immunity should be reversed.

# ARGUMENT

## I.      STANDARD OF REVIEW

Denial from a motion to dismiss on qualified immunity grounds is reviewed *de novo*.[18]  Orders denying qualified immunity are subject to immediate appellate review.[19]

To defeat a motion to dismiss, a plaintiff must plead sufficient facts in the complaint, which are taken as true, to state a claim that is plausible on its face.[20]  A court is not bound, however, to accept legal conclusions couched as factual allegations.[21]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

The well-pleaded facts in the complaint must create more than a mere possibility that the defendant has acted unlawfully.[23]  To be "well pleaded," a complaint must state specific facts to support the claim, not merely conclusions

---

[18] *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (overruled on other grounds); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[19] *Behrens v. Pelletier*, 516 U.S. 299, 307, 116 S. Ct. 834, 839, 133 L.Ed.2d 773 (1996).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016).

[21] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[22] *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020).

[23] *Iqbal*, 556 U.S. at 678.

couched as factual allegations."[24]  The crucial question is "whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 ... and would overcome their qualified immunity defense."[25]  It is the plaintiff's burden to demonstrate that qualified immunity is inappropriate.[26]

## II.     THE DISTRICT COURT ERRED BY DENYING THE MOTION TO DISMISS

### A.     Qualified Immunity Is Constitutional, and the District Court Is Bound to Apply the Precedent of the United States Supreme Court and This Court

Qualified immunity protects a defendant acting under color of state law insofar as his or her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[27]  In its Order Denying Qualified Immunity, the district court – disagreeing with opinions of the United States Supreme Court – ordered that qualified immunity is "an unconstitutional error."[28]  The district court concludes that, if qualified immunity

--------

[24] *Iqbal*, 556 U.S. at 679; *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009).
[25] *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).
[26] *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021) (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).
[27] *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).
[28] ROA.203.

applies in the present case, "then the doctrine should come to its overdue end."[29]  But

the district court's opinion regarding the law does not change the law, as clearly set

out by the United States Supreme Court and this Court, which is mandatory and must

be applied by the district court.  Under well-settled law from numerous opinions of

the United States Supreme Court, officers are entitled to qualified immunity unless

a plaintiff can prove that the alleged conduct both (1) violated a Constitutional right,

and (2) the illegality of the alleged conduct was clearly established at the time of the

violation.[30]

      "'Clearly established' means that, at the time of the officer's conduct, the law

was ' 'sufficiently clear' that **every 'reasonable official would understand that**

**what he is doing' ' is unlawful**."[31]  "In other words, existing law must have placed

the constitutionality of the officer's conduct '**beyond debate**.'"[32] The United States

Supreme Court has further discussed the "clearly established" standard as follows:

> To be clearly established, a legal principle must have a
> sufficiently clear foundation in then-existing precedent.
> The rule must be "settled law," which means it is dictated
> by "controlling authority" or "a robust 'consensus of cases

[29] ROA.265.

[30] *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (citing *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012)).

[31] *Wesby*, 583 U.S. at 63 (quoting *Ashcroft v. al- Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987))) (emphasis added).

[32] *Wesby*, 583 U.S. at 63 (quoting *al- Kidd*, 563 U.S. at 741) (emphasis added).

of persuasive authority.' It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that "every reasonable official" would know.[33]

The particular circumstances of the case at issue must be clearly established by prior precedent such that every reasonable officer would know that the conduct violated clearly established law. Indeed, the United States Supreme Court has held that '[t]he 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him"[34] "The rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted,'" which requires a "high 'degree of specificity.'"[35] "We (the Supreme Court) have repeatedly stressed that courts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'"[36] The Supreme Court has further noted that "[a] rule is too general if the unlawfulness of the officer's conduct 'does

---

[33] *Id.* (quotations omitted).
[34] *Id.*
[35] *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)) (citing *Mullenix v. Luna*, 136 S.Ct. 305, 309, 193 L.Ed.2d 255 (2015)).
[36] *Wesby*, 583 U.S. at 63-64 (citations omitted).

not follow immediately from the conclusion that [the rule] was firmly established.'"[37]

The United States Supreme Court has "stressed that the 'specificity' of the rule is 'especially important in the Fourth Amendment context.'"[38] The Supreme Court has further "stressed the need to '**identify a case where an officer acting under similar circumstances ... was held to have violated the Fourth Amendment**.'"[39] Generally, a "body of relevant case law" is "usually necessary" to satisfy the "clearly established" standard.[40] Otherwise, the issue is not "beyond debate" and every reasonable officer could not be aware that the conduct violated a clearly established right.[41] Even if an officer lacks probable cause, qualified immunity nevertheless immunizes the officer's conduct as long as the officer "'**reasonably but mistakenly conclude[d] that probable cause [wa]s present**.'"[42]

The goal of the qualified immunity doctrine is to balance the: (1) need to hold public officials accountable when they exercise power irresponsibly; and, (2) the need to shield officials from harassment, distraction, and liability when they perform

---

[37] *Id.* at 64 (quoting *Anderson*, 483 U.S. at 641).
[38] *Id.* at 64 (citations omitted).
[39] *Id.* (quoting *White v. Pauly*, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017)) (emphasis added).
[40] *Id.*
[41] *Id.*
[42] *Id.* at 65 (quoting *Anderson*, 483 U.S. at 641) (emphasis added).

their duties reasonably.[43]  Qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law.[44]

Once an official pleads the defense of qualified immunity, the burden shifts to the plaintiff, who must rebut the defense by establishing a genuine issue of fact as to whether the official's allegedly wrongful conduct violated clearly established law.[45]  This Circuit follows the law established by the Supreme Court that, for a right to be clearly established, the contours of the right must be sufficiently clear that every reasonable officer would understand that the conduct violates said clearly established right.[46]  In addition, the right must be clearly established at the time of the conduct.[47]  "The key purpose is to create '**fair warning**,' thus the 'clearly established' prong can be satisfied 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'"[48]

---

[43] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

[44] *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Wesby*, 583 U.S. at 63.

[45] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *Terwilliger*, 4 F.4th at 280 (citing *Club Retro*, 568 F.3d at 194); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

[46] *Turner v. Driver*, 848 F.3d 678, 685 (5th Cir. 2017); *Kinney v. Weaver*, 367 F.3d 337, 349–50 (5th Cir. 2004).

[47] *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011).

[48] *Terwilliger*, 4 F.4th at 280 (quoting *Hope v. Pelzer*, 536 U.S. 730, 740, 122 S. Ct. 2508, 2516, 153 L.Ed.2d 666 (2002)) (emphasis added).

A district court is "not free to overturn" Fifth Circuit precedent.[49] A district court is also bound to apply precedent from the United States Supreme Court.[50] Thus, the district court is bound to apply the well-settled precedent of this Court and the Supreme Court regarding qualified immunity.

Regardless of whether the district court believes it is time to change the law, a district court in this Circuit is bound to determine whether the law so clearly and unambiguously prohibited the officer's conduct that every reasonable officer would understand and have fair warning that the clear law was being violated.[51] The Plaintiff in the present case has failed to bring forward allegations to satisfy the "clearly established" standard, and qualified immunity should apply to Detective Thomas.

### B. Detective Thomas is Entitled to Qualified Immunity Because Green Was Indicted by a Grand Jury

The Complaint attempts to establish federal Fourth and Fourteenth Amendment violations by Detective Thomas for false arrest and malicious

---

[49] *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789, 792 (5th Cir. 2021).
[50] *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994); *see also Alvarez v. City of Brownsville*, 904 F.3d 382, 398 (5th Cir. 2018); *see also United States v. Egenberger*, 424 F.3d 803, 805 (8th Cir. 2005).
[51] *Turner*, 848 F.3d at 686.

prosecution. The Complaint also seeks to establish state law tort liability for false arrest and malicious prosecution. The federal and state claims all fail under well-settled law from this Court and the United States Supreme Court.

Pursuant to Fifth Circuit precedent, in a Fourth Amendment wrongful arrest type claim, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'"[52] This means that "even an officer who acted with malice in procuring the warrant or the indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury."[53] An "independent intermediary breaks the chain of causation unless it can be *shown* that the deliberations of that intermediary were in some way tainted by the actions of the defendant."[54]

---

[52] *Craig v. Dallas Area Rapid Transit Authority*, 504 Fed. Appx. 328, 332 (5th Cir. 2012) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir.1994) (overruled on other grounds by *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir.2003))); s*ee also Buehler v. City of Austin/Austin Police Department*, 824 F.3d 548, 553-54 (5th Cir. 2016) ("the independent intermediary doctrine becomes relevant when … a plaintiff's claims depend on a lack of probable cause to arrest him.").
[53] *Craig*, 504 Fed.Appx. at 332 (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir.1988)).
[54] *Id.* (citations omitted) (emphasis in original).

The United States Supreme Court has stated that it "has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a prosecution for a serious crime," and that finding "conclusively determines the existence of probable cause" to believe the defendant perpetrated the offense alleged."[55] "The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime."[56] Otherwise, the result would be inconsistent findings by the grand jury, in the criminal proceeding, and the court in a civil proceeding concerning whether probable cause existed for the same arrest.[57]

In the present case, there is a complete absence in the Complaint of specific factual allegations as to what evidence the grand jury relied upon to return an indictment. There is also no specific allegation that the evidence presented to the grand jury was improperly presented or that evidence could have misled grand jurors. There is also no specific allegation that Detective Thomas acted maliciously or otherwise attempted to taint the investigation by the grand jury. There are simply

---

[55] *Kaley v. U.S.*, 571 U.S. 320, 328 (2014) (citations omitted).
[56] *Id.*
[57] *Id.* at 331.

no specific allegations sufficient to "overcome the presumption that an independent intermediary breaks the chain of causation."[58]

Per the Complaint, Jennings did not recant his statement until March of 2022, nearly two full years after he gave his statement in April of 2020. The Complaint's allegations about the grand jury testimony are couched in generalities and possibilities, lacking any specific allegation of wrongdoing. The Complaint's only allegation about Detective Thomas is that she obtained a statement from Jennings implicating Plaintiff Green in the murder of Robertson. The Complaint does not even allege that Detective Thomas testified before the grand jury.[59]

Because Detective Thomas is protected by the independent intermediary doctrine, the federal claims against her in her individual capacity should have been dismissed. Consequently, the district court's Order Denying Qualified Immunity should be reversed.

---

[58] *Craig*, 504 Fed.Appx. at 332.
[59] ROA.10, ¶ 6 (Detective Thomas "and/or other representatives for Defendant City obtained Plaintiff's Indictment.").

### C. Detective Thomas is Entitled to Qualified Immunity Because the Complaint Fails to Allege Facts to Support a Violation of a Clearly Established Right

The Complaint alleges that Detective Thomas took a statement from Plaintiff Green, a grand jury found probable cause that Green committed a crime, and when the witness subsequently recanted the statement, the prosecution against Green ended. The Complaint fails to identify the clearly established constitutional right that was violated, which every reasonable officer would know was a violation under then existing legal precedent that the makes said violation beyond debate. The Complaint further lacks allegations of nefarious motives of Detective Thomas, who is immunized against reasonable mistakes concerning the presence of probable cause.

"'Clearly established' means that, at the time of the officer's conduct, the law was ' 'sufficiently clear' that every 'reasonable official would understand that what he is doing' ' is unlawful."[60] "In other words, existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'"[61] Even if an officer lacks probable cause, qualified immunity nevertheless immunizes the officer's conduct as

---

[60] *Wesby*, 583 U.S. at 63 (citations omitted).
[61] *Id.* (citations omitted).

long as the officer "'reasonably but mistakenly conclude[d] that probable cause [wa]s present.'"[62]

It is not clear what clearly established constitutional right Green alleges was violated. There is no constitutional right to a perfect investigation. Accepting all factual allegations in the Complaint as true, a criminal investigation was conducted; a grand jury determined probable cause; a witness recanted; and the charges against Green were remanded. There is no allegation that Detective Thomas had an unlawful intent to find probable cause existed when it did not, as opposed to a reasonable mistake that is immunized by established law.

The legal standard for defeating qualified immunity requires the plaintiff to plead that the officer engaged in conduct that every reasonable officer would know violated a clearly established constitutional right. It has to be beyond debate that the alleged conduct violated clearly existing law, with prior rulings finding the same conduct violative of clearly established rights. Said strict requirements to strip an officer of immunity are not satisfied in this case.

Simply put, the Complaint fails to establish a violation of any constitutional right. For the same reasons, the allegations do not come close to establishing a clear

_____

[62] *Id.* at 65 (quoting *Anderson*, 483 U.S. at 641).

and unambiguous violation of law by Detective Thomas. Consequently, the district court's Order Denying Qualified Immunity should be reversed.

## CONCLUSION

The United States District Court for the Southern District of Mississippi committed reversible error by failing to apply mandatory precedent of this Court and the United States Supreme Court, and by failing to grant qualified immunity to Detective Jacquelyn Thomas. Consequently, Detective Jacquelyn Thomas respectfully requests that this Court reverse the district court's Order Denying Qualified Immunity. Under the facts as alleged in the Complaint, and pursuant to settled law, Detective Jacquelyn Thomas should be granted qualified immunity and dismissed from this action.

Respectfully submitted, this the 5th day of August, 2024.

<u>s/ Jason Lee Nabors</u>
Jason Lee Nabors

## CERTIFICATE OF SERVICE

I, Jason L. Nabors, hereby certify that the foregoing Appellant's Brief has been served on all counsel of record via the Court's electronic filing system, in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure.

So Certified, this the 5th day of August, 2024.

<u>s/ Jason Lee Nabors</u>
Jason Lee Nabors

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitations of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. This brief contains 4,767 words.

2.    This brief also complies with the typeface requirement of Rule 32(a)(5) of the Federal Rules of Appellate Procedure. This brief has been prepared in proportionally spaced typeface using Word Document in Times New Roman with a 14-point font size.

This the 5th day of August, 2024.

<u>s/ Jason Lee Nabors</u>
Jason Lee Nabors